UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MUNIZ | CIVIL ACTION |
| | NO. 10-3349 |
| VERSUS | |
| | SECTION "C"(1) |
| MICHAEL CYPRIAN, JOHN THEVENOT, JOHN FORTUNATO, NATHAN PENTON, and NEWELL NORMAND, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF JEFFERSON PARISH | |

## ORDER AND REASONS

Before the Court is Motion for Summary Judgment filed by Michael Cyprian, John Thevenot, John Fortunato, Nathan Penton, and Newell Normand (collectively, "Defendants"). (Rec. Doc. 17). Plaintiff Robert Muniz filed no opposition to this Motion. Having reviewed the record, memoranda of counsel, and the applicable law, Defendants' Motion is GRANTED for the following reasons.

### I. Background

Plaintiff, a former process server for the Parish of Jefferson, filed this suit in October 2010, claiming wrongful arrest, prosecution, discharge, deprivation of employment, and search of his home without probable cause, and defamation, under 42 U.S.C. §§ 1983 and 1985, in response to actions Defendants allegedly took against him under color of law as agents of the State of Louisiana in January 2008. (Rec. Doc. 1 at ¶¶ III-VIII). Plaintiff claims that he avoided criminal prosecution for what he alleges was an "untrue criminal charge of illegal possession of narcotics" by completing the

1

District Attorney's Diversion Program in August 2010. In their Motion for Summary Judgment, Defendants pray for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that Plaintiff's action is prescribed because all of his claims sound in tort, the statute of limitations for torts under Louisiana law is one year, and Plaintiff filed his suit nearly three years after the incidents of which he complains. (Rec. Doc. 17-1 at 3).

## II. Law & Analysis

Summary judgment is proper only when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean*

*Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Defendants assume that Louisiana law applies to the issue whether Plaintiff's claims are prescribed.  This Court agrees, based on the foregoing analysis.  Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims.  *Dorsey v. Seal*, 2007 WL 2792061, *4 (E.D. La.); *Board of Regents of University of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  The same logic applies to § 1985 claims.  *See Newsome v. E.E.O.C.*, 1998 WL 792502, *4 (N.D. Tex. 1998) ("Section 1985 does not contain an express statute of limitations.  It is well-settled, however, that where Congress has established a statute of limitations for a federally-created cause of action, a federal court shall 'borrow' the state statute of limitations governing an analogous cause of action.") (citing *Tomanio*, 446 U.S. at 483-484).  Courts have repeatedly held that, like § 1983 actions, § 1985 actions sound in tort.  *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987).

In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a limitations period of one year from the date of injury or damage.[1]  *See Jacobsen*, 133 F.3d at 319.  Although state law governs which prescriptive period applies, federal law dictates when a cause of action accrues.  *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980), *on rehearing*, 644 F.2d 1023 (5th Cir. 1981).  For purposes of calculating the limitations period, § 1983 and 1985 causes of action accrues when the plaintiff knows or has reason to know of the injury which forms

---

[1]Article 3492 provides that:
[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of injury or damage.

the basis of his action. *Helton*, 832 F.2d at 834.

Plaintiff sued Defendants under §§ 1983 and 1985 in October 2010 for wrongs that allegedly occurred in his presence in January 2008, nearly three years later. Plaintiff implies that prescription tolled until the date he completed the District Attorney's Diversion Program, in August 2010, but he offers no legal authority in support or specific facts indicating that he did not know of the alleged injuries until that date, over two and a half years after the underlying incidents occurred. Therefore, Plaintiff does not meet his burden, and Defendants are entitled to judgment as a matter of law under Rule 56.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants's Motion for Summary Judgment is GRANTED. (Rec. Doc. 17).

New Orleans, Louisiana, this 31st day of October, 2011.

                                                HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE